1  BILLY & CHRISTINE M. MADDOX

2  16401 BRIDE LANE

3  HUNTINGTON BEACH, CA 92649

4  (714) 717-3040

5  billydacue@gmail.com

6

7              UNITED STATES DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA

9                                    Case No. **SACV 12 · 02039** (AN)

10  BILLY & CHRISTINE M. MADDOX , as          )   COMPLAINT FOR:
                                              )
11                                            )
              Plaintiffs,                     )   1. BREACH OF CONTRACT
12            vs.                             )   2. DECLARATORY RELIEF
                                              )      [28 U.S.C.§2201,2202]
13  WELLS FARGO BANK N.A.; AZTEC              )   3. NEGLIGENCE
14  FORECLOSURE CORPORATION; ONE              )   4. QUASI CONTRACT
    WEST BANK FSB; LISA C. PAYNE an           )   5. Violation of
15  Individual;  MICHELLE M. WILHELM an       )      [15 U.S.C. §§ 1692 et seq.]
    Individual ; and DOES 1 THROUGH 10        )   6. VIOLATION OFCALIFORNIA
16  INCLUSIVE,                                )      BUSINESS AND
                                              )      PROFESSIONS
17                                            )      [CODE § 17200, et seq.]
              Defendants,                     )
18  _____         )
                                              )
19                                            )
                                              )
20                                            )   Jury Trial Demanded
                                              )
21                                            )
                                              )
22

23

24

25

26

27

28

## TABLE OF CONTENTS

COMPLAINT ...................................................................................................3

I.  STATEMENT OF FACT........................................................................................3

II. JURISDICTION AND VENUE ............................................................................4

III. THE PARTIES.....................................................................................................5

IV. GENERAL FACTUAL ALLEGATIONS.............................................................6
V.  INTRODUCTION..................................................................................................6
VI. **MERS'S** ROLE AND WHY MERS DID NOT CAUSE THE ASSIGNMENT TO
BE ................................................................................................................14
VII. THE FABRICATED "ASSIGNMENT OF DEED OF TRUST" IS FRAUDULENT
DOCUMENT THAT CONVEYED NO LEGAL..............................................16
VIII. PLAINTIFFS HAS SUFFERED.......................................................................19
IX: FIRST CAUSE OF ACTION- BREACH OF CONTRACT……….....................22
X: SECOND CAUSE OF ACTION-DECLARATORY RELIEF....................................24
XI: THIRD CAUSE OF ACTION-NEGLIGENCE.......................................................26
XII: FOURTH CAUSE OF ACTION-QUASI CONTRACT..........................................27
XIII: FIFTH CAUSE OF ACTION............................................................................28
XIV: SIXTH CAUSE OF ACTION............................................................................30
XV: PRAYS FOR RELIEF.........................................................................................32
DEMAND FOR A JURY TRIAL..............................................................................33
EXHIBITS PAGE.......................................................................................................34
VERIFICATIONS AND
ACKNOWLEDGEMENTS.................................................................................35-36

# COMPLAINT

COMES NOW Plaintiffs Billy & Christine M. Maddox("Plaintiffs or collectively or Mr. & Mrs. Maddox") for his Complaint against Defendants, WELLS FARGO BANK N.A.(In its capacity as purported Assignee of the debt (hereafter; WELLS); and AZTEC FORECLOSURE CORPORATION ( hereafter; AZTEC CORP.) (In its capacity as the purported substituted Trustee of the Deed of Trust); ONE WEST BANK FSB ( hereafter; One West) in its capacity as the purported Servicer and Collector of the purported debt;  "LISA C. PAYNE" an individual perpetrating to be an "Assistant Secretary of MERS" and "MICHELLE M. WILHELM" as the purported Notary and the witness on behalf of the state of Texas that witnessed the transfer of the interest from MERS to WELLS FARGO BANK N.A. in Orange County California ; collectively "Defendants" as follows:

## I.  STATEMENT OF FACT

1. The Plaintiffs alleges that Defendants are not true parties to their mortgage loan and have no ownership interest entitling them to collect payments or to declare a default.  Defendants brazenly attempt to dupe the Plaintiffs into believing that they are right to collect on debt in which Wells has no ownership interest.   In an attempt to further their fraudulent scheme and create the air of propriety surrounding his debt collection efforts,  Defendants have resorted to "papering the file" by fabricating an "Assignment of Deed of Trust"  to the alleged Beneficiary Wells and fabricating and recording of an "Substitution of Trustee" to AZTEC FORECLOSURE CORPORATION., employing third party individuals "LISA C. PAYNE " as the purported "Assistant Secretary of MERS" and "MICHELLE M. WILHELM" as the purported Notary Public who has no authority or personal knowledge of the facts to which they attest, and falsely representing to Plaintiffs and *to the court* that they have the right to take the Plaintiffs' property away.  In addition; the Defendants have misrepresented themselves in the capacity of multiple parties with the legal right to collect and demand payments from the Plaintiffs;  the Defendants have entered into and have breached their fiduciary responsibility with the Plaintiffs by representing themselves to the Plaintiffs as the (Servicer, Assignee, Creditor, Owner and the

1  purported Collector of the alleged debt) in order to deceive the Plaintiffs into making payments

2  that were never properly allocated and accounted for.

3  Further; the Defendants have refused to properly respond, communicate and to provide

4  documentations showing the reasons by which they were denied for the loan Modification

5  program under HAMP with the conforming loan amount of $417,000.00 as afforded by Law

6  under the Hope for Homeowners [12 U.S.C § 5201] .

7  Lastly; the Defendant Wells as the purported beneficiary of the alleged debt and

8  mortgage "the Loan" has violated the proper Assignment of the original Note and Deed of Trust;

9  in fact Wells as the alleged beneficiary has no ownership interest in purported debt and mortgage

10  "the Loan" and was merely hired to oversee the function of collection. The alleged "debt" is no

11  longer in existence and has been discharged per the stipulations of the ***Economic Stabilization***

12  ***Act of 2008*** as initiated and approved by Congress.    The Plaintiffs  after being denied

13  repeatedly by the purported Servicer and Collector One West Bank FSB, without any

14  explanation have been left with no other options to cure their damages now file their complaint

15  in Federal Court.  Through this action, the Plaintiffs seek compensation and restitution for their

16  damages and intend to STOP Defendants' fraudulent practices; discover the true Holder in Due

17  Course of his Promissory Note ("Note"), and determine the status of Defendants' claims.

18  **II. JURISDICTION AND VENUE**

19  2. The court has jurisdiction over the action pursuant to Title [28 U.S.C. § 1332] which

20  confers original jurisdiction on federal district courts in suits between diverse citizens that

21  involve an amount in controversy in excess of $75,000.00.

22  3. The Court also has original jurisdiction over the action pursuant to Title [28 U.S.C

23  §1331, 2201, 2202], [Title 12 U.S.C § 2605; 42 U.S.C. § 1983], Fair Debt Collection Practices

24  Act [15 U.S.C. § 1692-1692p & Title 8 U.S.C. § 802 et seq.] which confer original jurisdiction

25  on federal district courts in suits to address the deprivation of rights secured by federal law. The

26  Defendants and each of them have, directly or indirectly, made use of the means or

27  instrumentalities of interstate commerce, of the mails, in connection with the transactions, acts,

28

1   practices and courses of business alleged in the complaint and as such Plaintiffs have been
2   aggrieved, or legally harmed by the Defendant's actions.

3       4.  The Court also has supplemental jurisdiction over the pendant law claims because
4   they form a part of the same case or controversy under Article III of the United States
5   Constitution, pursuant to [ 28 U.S.C. § 1367].

6       5.  The unlawful conduct, illegal practices, and acts complained of and alleged in the
7   complaint were all committed in the District of California and involved real property located in
8   the District of California.  Therefore, venue properly lies in the district, pursuant to 28 U.S.C. §
9   1391(b).

10      6.  Plaintiffs is now, and at all times mentioned herein, individuals residing in Orange
11  County, California.  At all times relevant to the action, Plaintiffs has owned real property
12  commonly known as 16401 Bride Lane, Huntington Beach, Ca 92649 ("Property").

13                          **III. THE PARTIES**

14      7.  PLAINTIFFS, Billy Maddox and Christine M. Maddox, at all times herein relevant to
15  the complaint is the owner of real property commonly known as 16401 Bride Lane, Huntington
16  Beach, Ca 92649 ("Plaintiffs").

17      8.  DEFENDANT, WELLS FARGO BANK N.A. (Wells), a  U.S. Corporation doing
18  business in California as the purported Assignee and Beneficiary of the purported debt. servicer
19  of the alleged debt ("Debt Collector & and alleged creditor of the alleged debt").

20      9.  DEFENDANT, AZTEC FORECLOSURE CORPORATION; a California
21  Corporation; as the purported Trustee of the Deed of Trust. ("Debt Collector and alleged Trustee
22  of the Deed of Trust").

23      10.  DEFENDANT, ONE WEST BANK FSB.  as the purported servicer of the alleged
24  debt ("Debt Collector & and alleged Servicer of the alleged debt").

25      11.  DEFENDANT, **"LISA C. PAYNE"**, Lisa C. Payne an individual residing in
26  California; the purported "Assistant Vice President" of MERSCORP "MERS" as the authorized
27  signatory of the "Assignment of the Deed of Trust".

28

12. DEFENDANT, **"MICHELLE M. WILHELM"**, Michelle M. Wilhelm individual residing in state of Texas as the alleged Notary that witnessed to the "Assignment of the Deed of Trust" by MERS.

13. DOES 1 THROUGH 10 INCLUSIVE, The Plaintiffs does not know the true names and nature of Defendants DOES 1 THROUGH 10 INCLUSIVE, and will amend the complaint when their true identities have been ascertained according to proof at trial.

14. Whenever reference is made in the Complaint to any act of any Defendant(s), that allegation shall mean that such Defendant acted individually and jointly with the other Defendants.

15. Any allegation about acts of any corporate or other business means that the corporation or other business did the acts alleged through officers, directors, employees, agents and /or representatives while they were acting within the actual or ostensible scope of his authority.

16. At all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or commit the acts alleged in the Complaint. Additionally, some or all of the defendants acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency if acting as an agent of the others.

17. At all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in the complaint. Knowing or realizing that the other defendants were engaging in or planning to engage in unlawful conduct, each defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other defendants in the unlawful conduct.

#### IV: GENERAL FACTUAL ALLEGATIONS

18. The Plaintiffs are informed and believe and re-allege thereon that Defendants are not true parties to their alleged debt and mortgage and have no ownership interest entitling them to collect payment or declare a default.   The Defendants have been engaged in an elaborate business practice to deceive, misrepresent and have schemed to commit fraud and other acts of

1   fraud against the Plaintiffs in order to collect on purported debt,  Defendants have resorted to
2   "papering the file" by fabricating and filing an " Assignment of Deed of Trust" and a
3   "Substitution of Trustee" by employing individuals "Lisa C. Payne" and "Michelle M. Wilhelm"
4   who have no authority or personal knowledge of the facts to which they attest, and falsely
5   representing to Plaintiffs and the court that they have the right to take the Plaintiffs'' Real
6   Property away.  Not only is Defendants' conduct an affront to long-standing property laws,  but
7   their reliance on fabricated and forged documents undermines the integrity of the judicial system.
8   Through this action, Plaintiffs seek to stop Defendants fraudulent practices, discover the true
9   holder in due course of the alleged debt evidenced by the Promissory "Note", and determine the
10  status of Defendants' claims.

11                                        **V. INTRODUCTION**

12          19.  During the high times of the mortgage refinancing and mortgage origination era
13  2002-2007 Wall Street investors looked to feed their insatiable and reckless greed for profit by
14  tapping directly into the American Dream-home ownership.  Mortgage lenders and investment
15  banks aggressively lured the American people into the predatory loans with teaser interest rates
16  and into purchasing homes with inflated appraisals and under the promise that the booming real
17  estate market would continue to boom.  Wall Street took the soon to be toxic loans and bundled
18  them into "*Mortgage Backed Securities*" through a process known as "*Securitization*".  These
19  "*Securities*" were then sold to investors in the form of certificates, whereby the investors became
20  the "*Certificateholders*" of the securities that were to be fed by the toxic loans.

21          20.  The Defendant Wells and others became facilitators of this process by gathering
22  large numbers of loans originated through other entities; the process is referred to as "*Pooling of
23  Loans for Securitization*", the Defendant Pooled and placed these loans into "*Common Law
24  Trusts*" and issued Certificates in exchange of Notes that were transferred into the "*Securitized
25  Trust*".  As the Certificates were traded into the marketplace the Wall Street players placed their
26  bets and purchased contracts that would pay them in the case of default; they *shorted* the same
27  market they were feeding.

28

21. Knowing that the predatory loans would soon default and turn into toxic assets Wall Street placed his bets accordingly and bought exotic insurance products in the form of Credit Default Swaps. The eventual meltdown of the market provided Wall Street with even more ridiculous profits.

22. However, as Wall Street which includes our Defendant Wells, rushed to "*Securitize*" these loans they forgot their own rules and written compliance documents that are required to be followed by the letter of the law. Wall Street created a situation by which the "*Mortgage Backed Securities*" that were supposed to be backed by mortgages were actually not secured by anything except the number of dollars associated with the alleged transactions and not by any actual mortgages to back the securities. Under the standard model for securitization the "Notes" were **supposed** to be sold and transferred into a trust pool "*Securitized Trust*" that holds the promissory notes as collateral on the securities bought by investors ("*Certificateholders*"). These "*true sales*" allow the original lenders to move the notes of their books, eliminating the need to maintain capital-adequacy reserves against defaults. The purpose of securitizing collateral debt obligations was to provide a large supply of money for the lenders for originating loans, and to provide investments to bond holders - which were expected to be relatively safe.

23. The formation of a proper and compliant Securitized Trust requires that the Trust to be Governed by (1) the Pooling and Servicing Agreement; (2) the Mortgage and Loan Agreement;(3) the 424(b) (5) Prospectus;(4) the common law trust rules of Delaware or New York, depending on its origin, and (5) Internal Revenue Code section 860A through 860G better known as the real Estate Mortgage Investment Conduit ("REMIC") rules.

24. An essential aspects of the mortgage securitization process is that the Trust must obtain and maintain good title to the mortgage loans comprising the pool for that certificate offering. This is necessary in order for the Trustee of the purportedly Securitized Trust to be legally entitled to enforce the mortgage loans in the case of default. In addition to other required documentation to complete the Collateral File of any given loan, two documents relating to each mortgage loan must be validly transferred to the Trust as part of the securitization process - the (*Promissory Note*) and the security instrument (*Deed of Trust or*

1   *Mortgage Note*).  In this case, on information and belief, neither document was validly

2   transferred within the required timelines as stipulated by the pooling and servicing agreement.

3       25.  Here, Plaintiffs alleges that the "true sale" never took place due to the failure to

4   follow the basic legal requirements for the transfer of a negotiable instruments under the Rules

5   Governing the Accounting for Transfers and Servicing of Financial Assets and Extinguishments

6   of Liabilities "FAS140" and thereby, Defendant Wells did not acquire any legal, equitable, and

7   pecuniary interest in the Plaintiffs'' Note and Mortgage.   As a result, therefore, Wells which

8   purports to be the Plaintiffs'' Creditor (Assignee of the debt), actually has no secured or

9   unsecured right, title, or interest in the Plaintiffs'' Note and Mortgage, and has no right to collect

10  mortgage payments, demand mortgage payments, or report derogatorily items against the

11  Plaintiffs'' credit, or to default the Plaintiffs.   Furthermore; the FAS-140 rules are used by the

12  United States Treasury as to the evaluation and extinguishment of the Troubled Assets as set

13  forth in the Economic Stabilization Act of 2008 Under  [12 U.S.C.§5201 ET SEQ.] ; as such the

14  importance of complying with such procedure is essential.

15      26.  The Plaintiffs further alleges that, on information and belief, the Wells  cannot act as

16  a Collector, Servicer, Creditor or Beneficiary as the Trust that purportedly contained the

17  Certificates was dissolved and terminated due to the *Economic Stabilization Act of 2008* Under

18  [12 U.S.C. §5201 ET SEQ.] and the purported *"Corporation Assignment of the Deed of Trust"* is

19  a fabrication of a false document by Defendant Wells to collect subrogation payments from the

20  Troubled Asset Relief Program (hereafter; TARP).   The actions of the Defendant Wells and

21  their agents representing themselves to be employees of MERS and legitimate witnesses for the

22  purported "Corporation Assignment of Deed of Trust" and the "Substitution of Trustee" are

23  fraudulent.

24      27.  Despite the procedural requirements and the rules governing the proper accounting

25  procedures Governing the Accounting for Transfers and Servicing of Financial Assets and

26  Extinguishments of Liabilities "FAS-140" and Federal and State laws overseeing the compliance

27  of such transactions, the Defendants attempt to take advantage of the complex structured

28  financial system to defraud the Plaintiffs as they have done with millions of other homeowners

1  from the inception of the meltdown.  Plaintiffs anticipates that the Defendants and their counsel

2  will seek a Court-sanctioned bailout by submitting a blatantly fabricated "Assignment" or a copy

3  of the Deed of Trust and the Note that does not reflect any information or proof that the

4  Defendants are the true Assignees or Beneficiaries via a Request for Judicial Notice, thereby

5  committing fraud on the court, and attempting to further mislead Plaintiffs' that the Defendants

6  WELLS FARGO BANK N.A., ONE WEST BANK FSB and AZTEC FORECLOSURE

7  CORPORATION are actual creditors, and are entitled to enforce his alleged obligation.

8      28.  The Plaintiffs does not dispute that they owe an amount on their alleged Mortgage

9  obligation[1].  Rather, Plaintiffs disputes the Defendants claims as to having the legal right and the

10  ownership interest that has been disclosed and contradicted by the Defendant One West  on

11  multiple occasions as to the purported Debt and Mortgage "the Loan", and seeks the Court's

12  assistance in determining who the holder in due course is of his alleged Note and alleged Deed of

13  Trust, and specifically what rights, if any , the Defendants have to claim a secured or unsecured

14  interest in the Plaintiffs'' alleged Note or alleged Mortgage "the Loan".

15      29.  The Plaintiffs'' information and belief is based on (1) Detailed analysis of the

16  Property's title records (2) The analysis of the Mortgage documents on record and with escrow

17  (3) The detailed study and review of the ***Economic Stabilization Act of 2008*** passed by congress

18  (4) The Plaintiffs  has also conducted detailed study of the ongoing events with respect to

19  "*Legacy Assets*", "*Legacy Securitization Program*", "*Legacy Loan Programs*"  and other

20  offerings by the respective governing agencies to entities such as the Defendant Wells & One

21  West  (The Collector of the alleged debt) (5) an audit of Wells filings with the Securities and

22  Exchange Commission ("SEC"), including the trust's 424(b)(5)Prospectus and the Pooling and

23  Servicing Agreement ("PSA") (6) Wells' balance sheet and other collateral filed with the SEC as

24  a public company and the FDIC.

25

26  [1]  However, simply because Plaintiffs' do not dispute the fact, the court should not condone
    Wells Loan Services LLC; and Quality Loan Service Corporations' fraudulent behavior and

27  predatory mortgage collection practices and allow it to collect on money it was not owed.

28  Simply put, the court should not allow the defendants to trample over 200 years of well-settled
    property laws just because the "owes somebody money."

30. The Plaintiffs is informed and alleges that the Defendants have assumed the alleged debts from parties unknown at this time through a "*credit sale*" transaction utilizing their credit as collateral[2].   The Defendants are debt collectors under the meaning of "*debt collector*" as stipulated by the "*F.D.C.P.A*" *15 U.S.C. § 1692 (a) (6)*; the Defendants are not the originators of the alleged debt; the Defendants also fall within the meaning of the "F.D.C.P.A" collecting alleged debts at the time that the alleged debts were in default.   In addition the Defendant does not show the purported debt on their balance sheet. This means that the Defendant Wells is collecting on behalf of another as a debt collector and not an Assignee; in addition the servicer cannot be treated as an Assignee of a debt when they are the Servicer of the alleged debt [see 15 U.S.C. § 1641 (f)(2) ].

31. On or about October 1, 2004 the Plaintiffs executed a Note and Mortgage in favor of "Stearns Lending" a mortgage banker that conducted financing of residential properties, (hereafter "Stearns Lending" obtaining an alleged loan on the property located at 16401 Bride Lane, Huntington Beach , Ca 92649 ; MERS was named on the Deed of Trust as the purported "*nominee*" and "*beneficiary*" of the Deed of Trust.

32. The Plaintiffs are informed and alleges that "Stearns Lending, Inc." never sold, transferred, assigned or granted their Note or Mortgage to the sponsor, depositor, WELLS FARGO BANK N.A., or AZTEC FORECLOSURE CORPORATION; Defendants are merely third - party stranger to the alleged debt "the Loan" transaction.   Furthermore, Plaintiffs alleges that none of the Defendants or Doe defendants can demonstrate or document that Plaintiffs' Note was ever endorsed, assigned or/and transferred to WELLS FARGO BANK N.A., ONE WEST BANK FSB, or AZTEC FORECLOSURE CORPORATION.

33. The Plaintiffs alleges that the parties involved in the alleged securitization and alleged transfer of the Plaintiffs" Note and Mortgage failed to adhere to section **2.01** of the PSA, which requires that Plaintiffs" Note and Mortgage be properly endorsed, transferred, accepted,

---

[2] "It has been settled beyond controversy that a national bank, under Federal law, being limited in its power and capacity, cannot lend its credit by nor guarantee the debt of another. All such contracts being entered into by its officers are ultra vires and not binding upon the corporation." It is unlawful for banks to loan his deposits

1   and deposited with the Securitized Trust (or its custodian) on or before the "*closing date*"

2   indicated on the Prospectus ; the "*closing date*" is the date by which all the Notes and Mortgages

3   must be transferred into the "Common Law Trust".  The failure to do so results in the Note and

4   Mortgage not being part the "Common Law Trust",  such that is not a loan that either WELLS

5   FARGO BANK N.A., ONE WEST BANK FSB, or AZTEC FORECLOSURE CORPORATION

6   can attempt to collect on.

7        34.  On or about July 7, 2011, "Lisa C. Payne", purportedly the alleged "Assistant Vice

8   President" for MERS, allegedly executed a document purporting to be an "Assignment of the

9   Deed of Trust" (" hereafter, Assignment"), in which she intentionally misrepresented to the

10  Plaintiffs in writing that  Wells has acquired the interest in the Plaintiffs" Note and Mortgage,

11  and that MERS has endorsed, transferred, and negotiated the Plaintiffs" Note to Defendant "*For*

12  *Valuable Consideration*".  In fact, no such transfer of interest took place, a fact that "**Lisa C.**

13  **Payne**", WELLS FARGO BANK N.A., ONE WEST BANK FSB,  and AZTEC

14  FORECLOSURE CORPORATION were/ are aware of (See Exhibit A), attached hereto is a true

15  and correct copy of the Corporate Assignment, executed on 12/08/2010.  **Plaintiffs' specifically**

16  **dispute the contents and the authenticity of the document.**

17       35.  On or about July 7, 2011, "Michelle M. Wilhelm",  purportedly the alleged "Notary

18  Public" residing in Texas witnessed the purported "Assistant Vice President" "Lisa C. Payne"

19  executing the alleged "Assignment" from MERS to "Wells".  In fact, no such transfer of interest

20  took place, a fact that "Michelle M. Wilhelm", WELLS FARGO N.A, ONE WEST BANK FSB,

21  and AZTEC FORECLOSURE CORPORATION were/are aware of (See Exhibit A), attached

22  hereto is a true and correct copy of the Assignment, executed on 12/08/2010.  **Plaintiffs'**

23  **specifically dispute the contents and the authenticity of the document.**

24       36.  The Plaintiffs alleges that the "Assignment" that was executed after the closing date

25  of the trust; The dubious "*Assignment*" raises numerous red flags and further demonstrates that

26  the Plaintiffs" Note and Mortgage were not deposited into the Trust by the closing date, and that

27  the "Assignment" was fabricated in attempt to "paper over" the fatal securitization defects by

28  individuals that commit these acts as a daily regimen.  The acts perpetrated by the individuals

1    acting as the "Assistant Secretary of MERS" and the "Public Notary" as the purported witness of

2    the state was caused by the Defendant Wells as part of a scheme to defraud the United States

3    Treasury and the Plaintiffs by foreclosing and collecting TARP funds as an assigned agent of the

4    Department of Treasury pursuant to [12 U.S.C.§5211(c)(2)(3).]

5        37. The failure to deposit Plaintiffs" Note into the "Common Law Trust" before the

6    closing date is a violation of the PSA and New York trust Law.  Consequently, the "Common

7    Law Trust" and the purported trustee at the time which the Trust existed cannot claim any legal

8    or equitable right, title, or interest in the Plaintiffs" Note and Mortgage; In addition Wells as a

9    Trustee, Collector, Servicer, Assignee, or alleged Beneficiary cannot take any action which is not

10   authorized by the Securitization agreements that created and govern the "Common Law Trust".

11       38. The Plaintiffs do not allege or assert that they are the beneficiary or party to the PSA.

12   Rather, Plaintiffs alleges that the failure to Securitize his Note and the subsequent fraudulent

13   "Assignment" makes it impossible for Wells, or "Common Law Trust" to claim, allege or assert

14   that it was assigned, transferred or granted Plaintiffs' Note or Mortgage, or any interest therein,

15   in any manner whatsoever.  Plaintiffs also allege that the failure to *Securitize* his Note and

16   mortgage has resulted in an unperfected lien that defendants cannot enforce in any manner

17   whatsoever[3].

18       39. The Plaintiffs  in good faith relied on Wells and One West  representation and have

19   been damaged in the following ways: (1) the Plaintiffs in good faith relied on the representations

20   made by One West employees and team members and became delinquent on his mortgage in

21

22   [3]  These allegations are identical to those brought by the Nevada Attorney General against Bank
     of America, BAC Home Loan Servicing, and QUALITY LOAN SERVICE CORPORATION, in
23   which Attorney General Catharine Cortez Masto alleges that these entities engaged in unlawful
     and deceptive practices by misrepresenting to homeowners that they had the authority to
24   foreclose despite the fact that these were fatal deficiencies in transfers to the securitization
     Trusts, State of *Nevada vs. Bank of America et  al.*, No.3:11-ev-00135-RJD,(C.D. New August
25   30, 2011). The AG concludes that, "[t]hese are mere technicalities. The PSA's spelled out
     specific procedures in order to ensure a proper transfer, protect the Trusts as the holders in due
26   course, and avoid subjecting the Trusts to taxation. In addition, borrowers need to know the
     actual holders of his mortgages so that, for example, they can investigate and assert available
27   defenses in foreclosures, including that the agent of the trustee lacks authority or standing under
28   the Note."*Id* at ¶ 146.

1   order to be assisted for a Loan Modification as told by the customer representative and has lost

2   multiple credit lines that lead to the failure of his business venture and has incurred

3   delinquencies on his credit report  (2)  the Plaintiffs in good faith relied on Defendant Wells and

4   One West representations as being the purported Creditor, Owner, Servicer, or Beneficiary and

5   entered into a contract for Loan Modification that was soon after breached by the Defendant

6   Wells in an attempt to redirect funds into accounts that were not part of the alleged Loan

7   Servicing System  (3)  Plaintiffs in good faith relied on the representation of the Defendant Wells

8   and entered into an negotiations for Loan Modification that was intentionally breached so that

9   the Defendant could illegally foreclose on the Plaintiffs'' "Property" in order to collect *TARP*

10  funds pursuant and in violation of     [12 U.S.C.§5211(e)] in order to be unjustly enriched.  (4)

11  multiple parties may seek to enforce his alleged debt obligation against his ; (5)  the title to the

12  Plaintiffs'' home has been clouded and rendered unmarketable (unless more fraudulent actions

13  are taken to show the foreclosure proceedings as proper and legal),  as any would be buyer of the

14  Plaintiffs'' property will find themselves in legal limbo, unable to know with any certainty

15  whether they can safely buy the Plaintiffs' property or get title insurance; (6)  Plaintiffs credit

16  worthiness have been destroyed due to the Defendants misreporting of alleged debts being

17  delinquent without proper standing (7)  Plaintiffs  have expended significant funds to cover the

18  cost associated with processes involved, credit lines closed, business closing and legal fees and

19  other fees paid to the wrong parties.

20          40.  In addition to seeking compensatory, consequential, punitive, and other damages,

21  Plaintiffs seeks Declaratory Relief as to the capacity of the Defendant to enter and execute

22  contracts and whether the Deed of Trust (Mortgage) secures any, obligation of the Plaintiffs'' in

23  favor of Defendants WELLS FARGO, ONE WEST BANK FSB, or AZTEC FORECLOSURE

24  CORPORATION, such that any of them can collect Plaintiffs' mortgage payments, demand

25  payment or engage in debt collection activit.

26          **VI:  MERS's ROLE AND WHY MERS DID NOT CAUSE THE**

27                     **ASSIGNMENT TO BE RECORDED**

28

41. MERS is listed as grantee in the official records at the county register of Deeds offices. The lenders were supposed to retain the interest in the promissory Notes, as well as the servicing rights to the mortgages, **not MERS**.

42. The Plaintiffs' allege that MERS did not affect an Assignment, transfer, negotiation, or sale of his Note and Mortgage to any Defendant or Doe Defendant.

43. The operative document defining MERS and its rights and functions is the Deed of Trust ("Deed of Trust or "Trust Deed"). The Deed of Trust conveys a security interest and power of sale in the real property "real estate" to the lender only, **not MERS**[4].

44. The Plaintiffs is informed that MERS is merely an electronic registration system and not a true beneficiary, and did not Grant, Assign, or Transfer any true or pecuniary beneficial interest in the Plaintiffs" Note and Mortgage. Contrary to the recitations contained in the fraudulent "Corporation Assignment of the Deed of Trust" purportedly executed on July 7, 2012. The Plaintiffs alleges the following to be facts (1) MERS did not receive any "*Value*" or consideration for the Plaintiffs" Note and Mortgage, (2) MERS did not "Grant, Assign, or Transfer" any interest in the Plaintiffs" Note and Mortgage; and (3) "Lisa C. Payne" as the purported signatory of the purported " Assignment of Deed of Trust" (Exhibit A), was/is not an "Assistant Vice President" for MERS at any time and lacked the requisite corporate and legal authority to effect an actual "Assignment" of the Plaintiffs" Note and Mortgage (MERS never had any legal, equitable, or pecuniary interest in the Plaintiffs" Note and Mortgage).

45. The Plaintiffs are informed that MERS's own membership rules directly prohibit the company from ever claiming ownership of any mortgages or negotiable instruments, including the mortgage for the Plaintiffs[5] In fact, in September 2009 deposition, former President of MERS R.K. Arnold stated for the record that MERS does not have a beneficial interest in any

[4] The Security Instrument secures to the Lender :(i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under the Security Instrument and the Note. For the purpose, Borrower irrevocably grants, conveys and warrants to Trustee, in trust, with power of sale, the following described property located in the County of Riverside: [legal description of the property] Deed of Trust ¶R.

[5] A successor-in-interest to the beneficial interest in the trust Deed may choose to engage MERS as its agent by execution of a subsequent agreement, but MERS and its members cannot force MERS upon all future purchasers simply by claiming such authority in the original deed of trust.

mortgage, that it does not loan money, and that it does not suffer a default if a borrower fails to repay a mortgage loan[6]. Therefore, the evidence and testimony of the former President of MERS and the Plaintiffs'' own history with MERS prove and show without a doubt that MERS does not own the Plaintiffs'' Note and Mortgage, 'and did not "Grant, Assign, or Transfer" any interest therein to "WELLS , ONE WEST or AZTEC FORECLOSURE CORPORATION." or any other Doe defendants at any time. Furthermore; the alleged Assignment that has been executed on July 7, 2012 by Defendants "Lisa C. Payne" and "Michelle M. Wilhelm" and recorded with Clark County Recorders' Office could have never actually happened before or there-after.

46. The Plaintiffs is informed and alleges that the purported "Assignment" of the Plaintiffs'' Note and Mortgage to "Wells" is a fraudulent lien claim and in direct contravention of the laws and customs of California[7]. In fact; the purported "Assignment" was caused to be recorded by the Defendants WELLS , ONE WEST and AZTEC FORECLOSURE CORPORATION as part of Wells and One West's desire to get paid by the TARP funds that have been allocated for the purchase of *"Troubled Assets"*; Defendants Wells and One West ordered the individuals employed by subcontractors acting as agents to fabricate and record the "Assignment Deed of Trust" and has been the driving force behind the illegal and fraudulent collection of the alleged debt.

47. Therefore, based on the foregoing, MERS did not, *in fact*, assign any interest to Defendants Wells, One West and AZTEC FORECLOSURE CORPORATION or any other Doe Defendants such that Wells and AZTEC FORECLOSURE CORPORATION. can demand

---

[6] See video deposition of R.K. Arnold, *Henderson v. MERSCORP, Inc,* Civil Action No.CV-08-900805 (Ala.Cir.Sept.25 2009) available at http://www.stopforeclosurefraud.com/2010/05/29/full- deposition-of-mortgage-electronic-registration-systems-mers-president-ceo-r-k-arnold-merscorp/).
[7] Whatever 'necessary to comply with law or custom' means, and there is no evidence in the record to explain it. It should not mean that *U.S. bank or MERS*' can contract away his obligations to comply with foreclosure statues." *In re Salazar*.448 B.R.814.823 (finding that MERS system is not an alternative to statutory foreclosure laws. which "must be respected." and affirming that "if [t]his court ...joins the courts on other states that have rejected MERS' offer of an alternative to the public recording system.") *Id. at 824*

1  mortgage payments or report the Plaintiffs'' payments as delinquent or attempt to foreclose on

2  the Property.

3  **VII:   INDIVIDUAL DEFENDANTS ROLES IN THE FRAUDULENT LIEN "THE**

4  **FABRICATED ASSIGNMENT" AND "THE SUBSTITUTION OF TRUSTEE" THAT**

5  **CONVEYED NO INTEREST TO WELLS FARGO BANK N.A.**

6  48.  On July 7, 2012 One West and Wells caused the "Assignment of Deed of Trust" to

7  be recorded with Orange County Recorders' Office. The "Assignment" alleged "*FOR VALUE*

8  *RECEIVED*" MERS granted, Assigned, and Transferred to "Wells" all beneficial interest in the

9  Deed of Trust "Mortgage". The "Corporation Assignment of Deed of Trust" was /were

10  purportedly signed by "Lisa C. Payne" as alleged "Assistant Vice President" of MERS and

11  witnessed on behalf of the state of Texas by the Notary Public "Michelle M. Wilhelm". The

12  Plaintiffs alleges that no such transfers ever occurred and that "Lisa C. Payne" has never been an

13  employee or an "Assistant Vice President" of MERS. The Plaintiffs also alleges that "Michelle

14  M. Wilhelm" never witnessed the alleged "Assistant Vice President" "Lisa C. Payne" execute

15  the dubious "Assignment" as a witness for the state per his sworn statement as stamped and

16  recorded with the  Clark County Recorders' office.

17  49.  The Plaintiffs is informed and alleges that "Lisa C. Payne"&"Michelle M. Wilhelm"

18  are individuals who simply sign thousands of property record documents without any legal or

19  corporate authority whatsoever under the direction of the Defendant Wells or other Doe

20  Defendants with the full knowledge that they are committing illegal and unlawful acts .

21  50.  In fact, the alleged Assignment was fraudulently executed without MERS's

22  authorization or knowledge.

23  51.  The alleged "Assistant Vice President" "Lisa C. Payne" for MERS was never, in any

24  manner whatsoever, appointed as the "Assistant Vice President" by the Board of Directors of

25  MERS, as required by MERS's corporate by-laws and adopted corporate resolution by the Board

26  of Directors of MERS.  For that reason, the individual acting as the alleged "Assistant Secretary

27  of MERS" never had, nor has, any Corporate or Legal authority from MERS, or the lender's

28

1   successors and assigns, to execute the purported "Assignment"[8]. This was an intentional act by

2   the Defendant Wells done knowingly with specific intent that the consequences of their actions

3   be brought to fruition, which they have as evidenced by the instant debt collection activities.

4          52. The "*Corporation Assignment of the Deed of Trust*" is a fraudulent lien claim, and

5   the execution, filing, and recordation of the documents was created for the purpose of facilitating

6   and aiding and abetting the illegal, deceptive, and unlawful collection of the Plaintiffs" mortgage

7   payments, as well as engaging in other wrongful debt collection activities.

8          53. The Plaintiffs alleges that any amounts allegedly owed under the Note is subject to

9   equitable offset by the actual, consequential, special, and punitive damages owed to the Plaintiffs

10  from Defendants, which amount is currently unknown, but will be determined upon conducting

11  discovery.  Plaintiffs believes that the amount will be in excess of the amount of his alleged

12  obligation.

13         54. The Defendants' attempts to "Assign" or transfer a Deed of Trust by itself, does not

14  allow enforcement of Plaintiffs' Note and Mortgage. As alleged in the complaint herein,

15  Plaintiffs" Note and Mortgage was not properly negotiated, endorsed, and transferred to

16  Defendant "Wells" who seek to collect mortgage payments and engage in other unlawful

17  collection practices.

18         55. Uniform Commercial Code limits a negotiable instrument's enforcement to the

19  following:

20         "Person entitled to enforce" an instrument means

21         (a) The holder of the instrument,

22         (b) A nonholder in possession of the instrument who has the rights of a holder, or

23         (c) A person not in possession of the instrument who is entitled to enforce the instruments

24

25  [8] The instant case is analogous to ***Kingman holdings, LLC v.Citimortgage, Inc. and Mortgage***
    ***Electronic Registration Systems, Inc.*** WL 1883829 9 E.D Tex. 2011) ("Kingman"), whise the
26  court denied a motion to dismiss with similar causes of action as those that are pled hise on the
    basis that the Plaintiffs had adequately challenged the signatory's alleged title as 'Vice President"
27  of MERS. The Kingman court held that the Plaintiffs had adequately pled that the assignments
28  executed by Nate Blackstun as "Vice President" on behalf of MERS, was void because
    Blackstun was not actually appointed by MERS to be its Vice President.

(d) A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

56. On information and belief, none of the Defendants were/are present holders in due course of the Plaintiffs'' Note such that they can enforce Plaintiffs'' obligation and demand mortgage payments.

57. On information and belief, Defendant's were not, and are not, a nonholder in possession of the Plaintiffs'' Note who has the rights of a holder.

58. If there is a holder due in course of Plaintiffs'' Note at issue, pursuant to *Uniform Commercial Code*, and/ or the *PSA*, it is the entity that can establish a pecuniary, legal, and equitable interest in the property, and provide an unbroken chain of title to Plaintiffs'' Note and Mortgage.

59. On information and belief, none of the Defendant's were/are entitled to enforce the Plaintiffs' Note or Mortgage.

60. The Plaintiffs allege that, prior to demanding mortgage payments from the Plaintiffs, none of the Defendants had, nor presently have, secured or unsecured legal, equitable, or pecuniary interest in Plaintiffs'' Note and/or Deed of Trust as required under California Law- irrespective of who is actually in physical possession of Plaintiffs'' Note.

61. The Plaintiffs allege that, on information and belief, Wells , One West and AZTEC FORECLOSURE CORPORATION or its agents are fraudulently enforcing an alleged debt obligation in which they have no pecuniary, equitable or legal interest. Thus, the Defendants Wells, One West and AZTEC FORECLOSURE CORPORATION conduct is part of a fraudulent debt collection scheme to collect on *TARP* Funds pursuant to [12 U.S.C. § 5201 et seq.]

## VIII:  PLAINTIFFSS HAVE SUFFERED, AND CONTINUE TO SUFFER SIGNIFICANT MONETERY, LEGAL, AND EQUITABLE DAMAGES

62. The conduct described above by Wells, One West and AZTEC FORECLOSURE CORPORATION. was/is malicious because Defendants knew that they were not acting on behalf of the current pecuniary beneficiary of the Note and Mortgage.  However, despite such knowledge, said Defendants continued and continue to demand Plaintiffs'' mortgage payments

1   and are in the process of illegally attempting to collect on the alleged delinquent payments

2   without having the legal right to do so.

3       63. The Defendants engaged and are engaging in a pattern of defrauding the Plaintiffs, in

4   that, on information and belief, during the entire life of the mortgage loan and the life of the loan

5   Modification, Defendants failed to properly credit payments made, incorrectly calculated interest

6   on the accounts, allocated payments to accounts that did not exist and failed to accurately debit

7   fees.

8       64. On information and belief , at all times material, Wells, One West had and has

9   knowledge that Plaintiffs'' accounts were not accurate, but that Plaintiffs  would continue to

10  make future payments based on Defendants' representation of inaccurate accounts.

11      65. As a direct and proximate result of the actions of the Defendants set forth above,

12  Plaintiffs'' credit worthiness and credit score have been severely damaged.  Specifically,

13  because of the derogatory credit reporting on his credit report by Wells as the purported servicer,

14  the Plaintiffs is unable to make use of his credit worthiness and to obtain any credit and now face

15  a hard road to recovery after having perfect credit for over 25 years.

16      66. As a direct and proximate result of the actions of the Defendants set forth above, the

17  title to the Plaintiffs'' Property has been slandered, clouded, and its salability has been rendered

18  unmarketable.

19      67. As a direct and proximate result of the actions of the Defendants set forth above,

20  Plaintiffs does not know who the current beneficiary of his alleged Note and Mortgage actually

21  is, such that he is now subject to "**double financial jeopardy**".

22      68. As a direct and proximate result of the actions of the Defendants set forth above,

23  *multiple* parties can attempt to enforce Plaintiffs'' alleged debt obligations.

24      69. The conduct of Wells , One West and AZTEC FORECLOSURE CORPORATION

25  and one or more of the Doe Defendants has led to imminent loss of Plaintiffs'' real property and

26  pecuniary damages.  The pecuniary damages include, but are not limited to, the cost of over

27  calculation and overpayment of interest and principle, the cost of repairing Plaintiffs'' credit, the

28  reduction and/or elimination of Plaintiffs'' credit limits, the cost associated with removing the

1   cloud from his property title and attorney's fees, the amount monies paid during the Loan

2   forbearance period which was misappropriated by the Defendants and other damages in an

3   amount to be proven at trial.

4       70.   The conduct of Wells, One West and AZTEC FORECLOSURE CORPORATION

5   and one or more of the Doe Defendants' conduct was malicious because Defendants did not

6   know the identity of the current and true beneficiary of Plaintiffs' Note and Deed of Trust, yet

7   they intentionally and fraudulently covered up the defect by wrongfully recording a fraudulent

8   "Corporation Assignment of Deed of Trust"  which would be enable them to *illegally and*

9   *fraudulently* collect on Plaintiffs'' debt, and which in essence has rendered the title the *Property*

10   unmarketable.

11       71.   The title to Plaintiffs'' *Property* has been rendered unmarketable and useable

12   because of the possibility of multiple claims made against Plaintiffs'' alleged debt obligation and

13   the underlying security (the subject property).  If the "Assignment of the Deed of Trust" is not

14   cancelled and set aside, Plaintiffs will be incurably prejudiced.   Plaintiffs will be denied the

15   opportunity to identify and negotiate with the ***true creditor*** and exercise his right and due process

16   to verify and validate his alleged debt.

17       72.   The Plaintiffs has not offered to and has not submitted the unconditional tender to his

18   alleged obligation[9] as the Plaintiffs'' have a genuine dispute against Defendants alleged claims to

19   the beneficial interest and standing in the alleged debt and mortgage "the loan".   The Plaintiffs is

20

21   [9]  Case law makes it clear that **Plaintiffs is only required to allege a credible offer of tender**,
not actually tender. *Alicia v. GE Money Bank*, No C 09-00091 SBA, 2009 WL 21336969 at

22   *3(N.D. Cal. July 16, 2009) (...debtor must allege a credible tender of the amount of the secured
debt..."). Moreover, tender is *not* required when the owner's action attacks the validity of the

23   underlying debt because the tender would constitute an affirmation of the debt. *Sacchi v.
Mortgage electronic registration systems, Inc.* No.CV 11-1658 AHM, 2011 WL 25330299

24   (C.D. Cal June 24, 2011), 148 Cal. App. 2d 558,564 (1957). See also, *Foulkord v. Wells Fargo
Financial California Inc.,* No. CV 11-732-GHK (AJWx)(C.D. Cal May 31,2011)("...requiring

25   Plaintiffs to tender the amount due on his loan at the time would be *illogical and inequitable*

26   given that he disputes that Wells Fargo has any rights under the loan.") In light of the fact that
Plaintiffs contents the legitimacy of the Defendants' claim to the mortgage payments, it would be

27   *illogical and inequitable* to require Plaintiffs to actually tender the amount given that Plaintiffs

28   disputes whether Defendants have any rights under the loan. See *Onofrio v. Rice*, 55 Cal. App.
4th 413,424(1997).

1    informed and re-alleges that the Defendants are misrepresenting the alleged debt/mortgage "the

2    loan"; the debt has been satisfied and the Defendants have been/will be enriched unjustly by their

3    assertions on the alleged debt.

4

5

6                                  **IX: FIRST CAUSE OF ACTION**

7                                     **BREACH OF CONTRACT**

8                                **[Against Defendant Wells and One West]**

9          73.   The Plaintiffs hereby incorporates by reference each and every one of the preceding

10   paragraphs as if the same were fully set forth herein.

11         74.   The Plaintiffs is informed and alleges that Defendant Wells and One West have

12   breached the terms of the Loan forbearance and modification process through inducement,

13   misrepresentation, and unjust enrichment;  Defendants induced the Plaintiffs by representing to

14   the Plaintiffs that he would be eligible if she continued to pay until such time that the Servicer

15   would consider his for a Modification.  The Defendants collected and requested information

16   from the borrower on the premise that they are the party with the legal rights to extend and offer

17   an amended Modification clause to the Original Note;  Defendants reviewed financial and

18   personal information of the Plaintiffs in order to make their decision without taking into account

19   the net present value calculations as required by the Department of Treasury pursuant to **[12**

20   **U.S.C. § 5219(a) (1) under section 1715z-23]**.

21         75.   The Plaintiffs should have offered a trial Loan Modification Program which at the

22   time exceeded 31% of the Plaintiffs' reported income pursuant to the Foreclosure Mitigation

23   stipulation within **[12 U.S.C. § 5219]**.

24         76.   The Defendant Wells, One West also failed to calculate the escrow amounts paid on

25   behalf of the Plaintiffs and to properly amortize the amounts due into the Loan forbearance

26   approval process at the time the Loan forbearance was offered; as such these amounts were

27   calculated into the increased principle amount and again recalculated into the escrow amounts

28

1   due to be paid within a 6 month amortized schedule.  The Defendant attempted to charged the

2   Plaintiffs double the amount of the escrow amounts paid on behalf of the Property.

3       77.  The Plaintiffs is informed an alleges that Wells and One West's  business practice of

4   misleading and foreclosing on the Property provides the Defendant with a much greater return in

5   a shorter amount of time; as such Defendant Wells has a greater incentive to induce Plaintiffs

6   and others into Loan Modification agreements without adhering to the requirements as set forth

7   by the DOT.   The Defendant also through the practice creates the perception of a complaint

8   process for which they will qualify for the collection of TARP funds "*__TARP Vouchers__*" from the

9   DOT in the form of Treasury Bills or Receivable Notes from the Federal Reserve.

10      78.  The Plaintiffs are  informed and allege that the Defendants practices in the approval

11  of Loan Modification is a strategy to become unjustly enriched by collection of the most amount

12  of monies possible from the Plaintiffs and others in similar circumstances before the inevitable

13  default of the agreement and the Defendants' move to take disposition of the Property.

14      77.  The Plaintiffs'' failure to discontinue the Modification application was caused by the

15  Defendant One West intentional denial of the Loan Modification application and the subsequent

16  misrepresentation of facts.  The Defendant One West caused the denial of the application to

17  create a situation by which the Defendant could cause the acceleration of the Loan.

18      78.  The Plaintiffs also allege that the methods used by the Defendant Wells and One

19  West are not legal and consistent with a Servicer; but rather consistent with a "Debt Collector";

20  the Debt Collector's practice is to collect as much funds from obliges and to keep those funds as

21  fees for their service.

22      79.  The Plaintiffs allege that the Defendant Wells and One West have violated their

23  agreed covenants within the Loan Modification process as stipulated by the Department of

24  Treasury;  Defendants have denied the application with the intention of unjust enrichment as a

25  result of the subsequent foreclosure process which would allow for TARP funds to be paid to

26  Defendant Wells as an agent of collection.

27      80.  Furthermore, the conduct of Wells, One West and AZTEC FORECLOSURE

28  CORPORATION as their agent and one or more of the Doe Defendants, and each them, as

1 herein described has been malicious and intentional in order to take disposition of the Plaintiffs'

2 Property. The Defendant Wells, One West and AZTEC FORECLOSURE CORPORATION

3 and one or more Doe Defendants did not follow the exact procedures as set forth by the "DOT"

4 Department of Treasury in an effort to enrich themselves without consideration of laws and

5 legislations that have given them their unchecked powers. Plaintiffs have been damaged in the

6 amount of funds paid to Defendant Wells and other damages due to his disregard for compliance;

7 therefore the Plaintiffs are entitled to punitive damages in an amount appropriate to punish

8 Defendants and to deter others from engaging in similar conduct. The Plaintiffs also asks the

9 court to issue orders to stop the Defendants and Doe Defendants from any further action related

10 to the Property

11 ### X: SECOND CAUSE OF ACTION-DECLARATORY RELIEF: TO DETERMINE

12 ### STATUS OF DEFENDANTS'CLAIMS

13 ### [28 U.S.C.§§ 2201,2202]

14 ### [Against All Defendants and Doe Defendants]

15 81. The Plaintiffs hereby incorporates by reference each and every one of the preceding

16 paragraphs as if the same were fully set forth herein.

17 82. Section 2201(a) of Title 28 of the United States Code states:

18 "In case of actual controversy within its jurisdiction, except with respect to Federal taxes other

19 than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding

20 under section 505 or 1146 of title 11, or in any civil action involving an anti dumping or

21 countervailing duty proceeding regarding a class or kind of merchandise of a free trade area

22 country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the

23 administering authority, any court of the United States, upon the filing of an appropriate

24 pleading, may declare the rights and other legal relations of any interested party seeking such

25 declaration, whether, or not further relief is or could be sought. Any such declaration shall have

26 the force and effect of a final judgment or decree and shall be reviewable as such."

27 83. Section 2202 of Title 28 of the United States Code states:

28

1   Further this necessary or proper relief based on declaratory judgment or decree may be granted,

2   after reasonable notice and hearing, against any adverse party whose rights have been determined

3   by such judgment.

4       84. Plaintiffs alleges that neither Wells, One West nor AZTEC FORECLOSURE

5   CORPORATION. have a secured or unsecured legal, equitable, or pecuniary interest in the lien

6   evidenced by the Deed of Trust and that its purported assignments have no value since the Deed

7   of Trust is wholly unsecured.

8       85.  Thus, the competing allegations made by Plaintiffs, above, establish that a real and

9   actual controversy exists as to the respective rights of the parties to the matter, including

10  ownership of the Property.

11      86. Accordingly, Plaintiffs requests that the Court make a finding and issues appropriate

12  orders stating that none of the named Defendants or Doe Defendants, have any right or interest in

13  Plaintiffs'' Note, Deed of Trust, or the Property which authorizes them, in fact or as a matter of

14  law, to collect Plaintiffs'' mortgage payments or enforce the terms of the alleged Note or Deed of

15  Trust in any manner whatsoever.

16      87. The Plaintiffs  will suffer prejudice if the Court does not determine the rights and

17  obligations of the parties because: (1) Plaintiffs will be denied the opportunity to identify his true

18  and current creditor/lender and to negotiate with them; (2) They will be denied the right to

19  conduct discovery and have Wells, One West and other Defendants' claims verified by a

20  custodian of records who has personal knowledge of the loan and all transactions related to it;

21  and (3) they will be denied the opportunity to discover the true amount they still owe minus any

22  legal costs, fees and charges.

23      88. Due to the actual case and controversy regarding competing claims and the

24  allegations, it is necessary that the court declare the actual rights and obligations of the parties

25  and make a determination as to whether Wells and other Defendants' claims against the

26  Plaintiffs' are enforceable and whether it is secured or unsecured by any right, title, or interest in

27  Plaintiffs'' property.

28

89. Furthermore, the conduct of Wells, One West and AZTEC FORECLOSURE CORPORATION as their agent, and one or more of the Doe Defendants, and each them, as herein described, has been so malicious and contemptible that it would be looked down upon and despised by ordinary people.  Plaintiffs is therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct.

## XI: THIRD CAUSE OF ACTION - NEGLIGENCE

### [Against All Defendants and Doe Defendants]

90. The Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

91. At all times relevant herein, Wells was acting as a purported agent for parties unknown at the time.  Defendants are jointly and severally liable for Wells, One West and AZTEC FORECLOSURE CORPORATION's, negligent and reckless conduct.

92. Defendant Wells as the purported beneficiary of the Note and Deed of Trust has a duty to exercise reasonable care[10] and skill to follow California law with regard to enforcement of monetary obligations, and to refrain from taking or failing to take any action against Plaintiffs' that they did not have the legal authority to do.  This includes not collecting or demanding mortgage payments when they do not have the right to enforce the obligation, causing the Plaintiffs' to overpay in interest, entering into a contract for the sole purpose of maximizing profits without proper considerations as set forth by the DOT , making derogatory credit reports to credit bureaus, and failing to keep an accurate accounting of Plaintiffs' mortgage payments, credits, and debits (if Wells is in fact the legally authorized mortgage servicer for the Plaintiffs').

93. Wells, One West have a duty to exercise reasonable care and skill to refrain from taking any action against Plaintiffs that they do not have the legal authority to do.  As a direct

---

[10] Normally lenders and servicers do not owe a borrower a duty of care. *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App.3d 1089, 1093 (1991). However, a bank may be liable in negligence if it fails to discharge its contractual duties with reasonable care. Das v. bank of Am, 186 Cal.App.4th 727,741 (2010). Additionally, a bank may be liable for aiding and abetting a tort when it renders "substantial assistance" to a tortfeasor during a business transaction that it knowingly aided in the commission of the tort. Id (citing *Casey v. U.S. Bank Nat .Assn.* 127 Cal. App. 4th 1138, 1144-45).

and proximate result of the reckless negligence, utter carelessness, and blatant fraud of the Defendants as set forth above, the chain of title to Plaintiffs" Property has been rendered unmarketable and fatally defective and has caused Plaintiffs to lose saleable title to the subject property.

94. Wells breached its duty when they failed to follow the guidelines established by the DOT requiring the proper due diligence to be done before the offering of Loan Modification proposal and the subsequent actions taken by the Defendant in order to accelerate the loan for the purpose of dispossessing the Property from the Plaintiffs .

95. As a direct and proximate result of the negligence and carelessness of the Defendants as set forth above, Plaintiffs suffered, and continues to suffer, general and special damages in an amount to be determined at trail, including attorneys' fees and costs of bringing suit to dispute, validate, and challenge said Defendants' purported rights to enforce the Plaintiffs" alleged debt obligation against them.

## XII: FORTH CAUSE OF ACTION-QUASI CONTRACT

### [Against All Defendants and Doe Defendants]

96. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

97. Wells, One West demanded monthly mortgage payments from Plaintiffs' and continued to collect payments from Plaintiffs. Plaintiffs reasonably relied upon Wells and One West's assertion that it/they are/were entitled to the benefit of Plaintiffs' mortgage payments.

98. Wells knowingly accepted payments and retained them for its own use knowing that Wells did not acquire an interest in Plaintiffs" Note, such that they could accept or keep Plaintiffs" payments. It would be inequitable for Wells or One West to retain the payments it received from Plaintiffs which it did not have legal authority to collect.  The equitable remedy of restitution when unjust enrichment has occurred is an obligation created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his former position by return of the thing or its equivalent in money.

99.   Plaintiffs seeks restitution for any payments they were made to Wells and those that were not paid to the lender or the true beneficiary, if any.

## XIII: FIFTH CAUSE OF ACTION – FOR VIOLATION OF
## 15 U.S.C. § 1692, ET SEQ.

### [Against All Defendants and Doe Defendants]

100.   Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

101.   Federal law prohibits the use of any "any false, deceptive, or misleading representation or means in connection with the collection of any debt; including the false representation of "the character, amount, or legal status of any debt" and the threat to take any action that cannot legally be taken…"; Defendant Wells, One West and Aztec Foreclosure Corp. have communicated to the Plaintiffs by and through federal disclosures on four different occasions that they are "Debt Collectors and all information gathered will be used in collecting the Debt",  the Defendant has also purported themselves to be the "creditor" of the alleged debt on more than two different occasions and has contradicted his own statement as being the "creditor" through a federal disclosure under "RESPA".

102.   In illegally attempting to collect on Plaintiffs'' debt obligation in the manner described herein, Defendant Wells as the purported assignee[11], One West bank as purported Servicer and Collector  and AZTEC FORECLOSURE CORPORATION as purported Trustee: falsely represented the status of the debt, in particular, that it was due and owing to Defendant Wells at the time the suit was filed; falsely represented or implied that the debt was owing to Defendants Wells as an innocent purchaser *for value*, when in fact, such an assignment had not been accomplished; One West as Servicer and Collector threatened to take action, namely engaging in collection activities that cannot legally be taken by them; and attempted to collect on the promissory note under false pretenses; namely that Wells N.A was assigned Plaintiffs' debt when in fact they were not.

---

[11] [15 U.S.C § 1641 (f)(1)] Treatment of Servicer: A Servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for the purposes of the section unless the servicer is/ was the owner of the obligation.

103. Illegally collecting on alleged debts that were in default. "The Senate report emphasized the application of the section [15 U.S.C. § 1692(a) §§ 4.3.10] to mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing. The Defendants violated the statute by his alleged assignments being filed many months after the debt had been in default. The Defendant One West disclosed that they are the new "Servicer" of the alleged debt in the Assignment and delivered to Plaintiffs' approximately 24 months after the alleged debt had become delinquent; Defendants actions were illegal in his attempts to collect on the alleged debts as debt collectors claiming to be beneficiaries and creditors of the alleged debt.

104. Defendants have misrepresented the "character, amount and the legal status of the alleged debt" along with attempting to collect on defaulting debts on behalf of others.    The Defendant Wells, One West  or other Doe Defendants have misrepresented their roles and have attempted to deceive the Plaintiffs into believing that they are the legal owners of the debt. Defendants actions have induced the Plaintiffs into becoming delinquent on payments that they have/had no right to collect; they have caused the Plaintiffs to enter into a contract which the Defendant had no intention of honoring; in addition the Defendants' actions have caused the Plaintiffs creditworthiness and credit standing to be damaged by the misreporting of delinquencies that were caused by the Defendants.

105. Thus, Defendants violated 15 U.S.C. § 1692 et seq., and its subject to statutory damages, civil liability, penalties, attorneys' fees and actual damages. *See* [15 U.S.C. § 1692.] The actual pecuniary damages include, but are not limited to, the over calculation and overpayment of interest and principle on Plaintiffs' loan, the costs of repairing Plaintiffs' credit, the reduction and/or elimination of Plaintiffs'' credit limits, costs associated with removing the cloud on his property title and setting aside the trustee's sale, and attorneys' fees and costs, in an amount to be proven at trial, but in excess of $75,000.00.

106. As a direct and proximate result of the violations of Fair Debt Collection Practice Act by Wells, One West and AZTEC FORECLOSURE CORPORATION.; Plaintiffs' have

1    suffered actual pecuniary damages, including but not limited to statutory damages, civil liability,

2    and attorneys' fees, in an amount to be proven at trial.

3                    **XIV: SIXTH CAUSE OF ACTION – VIOLATION OF**

4                           **BUS. AND PROF. CODE SECTION**

5                       **[Against All Defendants and Doe Defendants]**

6          107.  Plaintiffs hereby incorporates by reference each and every one of the preceding

7    paragraphs as if the same were fully set forth herein.

8          108.  Defendants' conduct, for the reasons stated herein, is in direct violation of 12

9    U.S.C. § 2605(e), et seq.

10         109.  Defendants' conduct, for the reasons stated herein, is in direct violation of A.B. 284

11   chapter 81.

12         110.  Bus and Prof. Code Title 54 , prohibits acts which includes any unlawful, unfair, or

13   fraudulent business act and conduct which is likely to deceive and is fraudulent in nature.

14         111.  As more fully described above, Defendants' acts and practices are unlawful, unfair,

15   and fraudulent. The conduct is ongoing and continues to the date.

16         112.  Defendants engage in unfair, unlawful, and fraudulent business practices with

17   respect to mortgage loan servicing, and related matters by, among other things:

18         a)   executing and recording false and misleading documents;

19         b)   executing and recording documents without the legal authority to do so;

20         c)   Using other corporate names and individuals to commit fraud

21         d)   Using individuals to file and record paperwork that is fraudulent

22         e)   demanding and accepting payments for debts that were non-existent;

23         f)   violating the Security First Rule;

24         g)   Entering into contracts that they know is set up to fail

25         h)   Collection and intentional misallocation of funds

26         i)   Disclosing themselves as multiple parties that claim to have pecuniary rights and

27             legal rights to the Property

28

j)   reporting payments as late to credit bureaus  without the legal right or authority to do so;

k)   Failing to file the required disclosures under federal law

l)   Failing to answer the inquires of the Plaintiffs as afforded by law

m)  Submitting false reports to the DOT as to his activities involving the servicing and collection of funds

n)   acting as beneficiary without the legal authority to do so, and;

o)   Other deceptive business practices as described herein.

113. As more fully described above, Defendants' acts and practices are likely to deceive members of the public.

114. Plaintiffs allege that by engaging in the above described acts and/or practices as alleged herein; Defendants violate several laws including and must be required to disgorge all profits related to his unfair, unlawful, and deceptive business practices.

115. Plaintiffs alleges that Defendants' misconduct, as alleged herein, gave Defendants an unfair competitive advantage over competitors.  The scheme implemented by Defendants is designed to defraud Nevada consumers and enrich the Defendants.

116. The foregoing acts and practices have caused substantial harm to California consumers, including Plaintiffs.

117. By reason of the foregoing, Defendants have been unjustly enriched and should be required to make restitution to Plaintiffs and other California consumers who have been harmed, and/or be enjoined from continuing in such practices.

118. As a direct and proximate result of the actions of Defendants, and each of them, stated above, Plaintiffs' have been injured in that a cloud has been placed upon title to Plaintiffs' Property and Defendants, have failed to remove the cloud from Plaintiffs' title.

119. Plaintiffs is entitled to an order compelling Wells and any other Doe Defendants claiming an interest in and to the Property to take any and all actions necessary to remove the cloud they have placed upon his title and an order enjoining such Defendants from taking such action again in the future.

## XV: WHEREFORE, PLAINTIFFSS' PRAYERS ARE AS FOLLOWS:

1. For compensatory, special and general damages in an amount according to proof at trail, but not less than $ 5,000,000.00, against all Defendants;

2. For punitive and exemplary damages in an amount to be determined by the Court against all Defendants;

3. For an order compelling Defendants to remove any instrument which does or could be construed as constituting a cloud upon Plaintiffs" title to the Property, including the purported "Assignment of Deed of Trust";

4. For an order finding that Defendants have no legally cognizable rights as to Plaintiffs", the Property, Plaintiffs" Promissory Note, Plaintiffs" Deed of Trust or any other matter based on contract or any of the documents prepared by Defendants, tendered to and executed by Plaintiffs';

5. For the Court to issue an order restraining Defendants, their agents or employees from continuing or initiating any action against the Property and enjoining Defendants, his agents or employees from doing so during the pendency of the matter;

6. For an order compelling Defendants to disgorge all amounts wrongfully taken by them from Plaintiffs and returning the same to Plaintiffs" interest thereon at the statutory rate from the date the funds were first received from Plaintiffs';

7. For an order compelling Defendants to cancel any ongoing foreclosure proceeding and to remove the Property from any foreclosure database.

8. For the Defendants to remove all derogatory items reported on the Plaintiffs' credit reports.

9. For costs of suit incurred herein;

10. For reasonable attorneys' fees incurred; and

11. The Court to order an ADR for the purpose of granting the Plaintiffs the long overdue Loan Modification.

12. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs Billy Maddox and Christine M. Maddox ; hereby requests a jury trial on all issues raised in the complaint under the Seventh Amendment to the U.S Constitution in accordance with "Federal Rule of Civil Procedure 38."


Dated: <u>11-21- 2012</u>


**Billy Maddox ,**

**Plaintiff in Pro-per**

*Without Recourse*


**Christine M. Maddox,**

**Plaintiff in Pro-per**

*Without Recourse*

## LIST OF EXHIBITS

Pursuant to *18 U.S.C. 1961(9),* Plaintiffs now formally incorporates His and Her *documentary material* by reference to all of the following Exhibits, as if set forth fully here, to wit:

The number of pages shown includes the cover page:

Exhibit A - "Assignment of Deed of Trust" - 3 pages

Total number of Exhibit pages attached – 3

### VERIFICATION

I, Billy Maddox , Plaintiffs in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). See the Supremacy Clause in the Constitution for the United States of America, as lawfully amended (hereinafter "U.S. Constitution").

**Dated: 11-21 - 2012**

Billy Maddox,

*Sui Juris*

**Without Recourse**

State of California
County of Orange
On _Nov 21, 2012_ before me, _Terry R. Finn_
Notary Public, personally appeared, _Billy C. Maddox_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary's Signature

TERRY R. FINN
Commission # 1950617
Notary Public - California
Orange County
My Comm. Expires Sep 29, 2015

## VERIFICATION

I, Christine M. Maddox , Plaintiffs in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). See the Supremacy Clause in the Constitution for the United States of America, as lawfully amended (hereinafter "U.S. Constitution").

**Dated: <u>11-21- 2012</u>**

**Christine M. Maddox ,**

*Sui Juris*

*Without Recourse*

State of California
County of Orange

On <u>Nov 21, 2012</u> before me, <u>TERRY R· FiNN</u> Notary Public, personally appeared, <u>CHRiSTiNe M, MAdd oX</u>
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary's Signature

TERRY R. FINN
Commission # 1950617
Notary Public - California
Orange County
My Comm. Expires Sep 29, 2015

# EXHIBIT "A"

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

|| ||| ||| || ||| || ||| || | 12.00
* S R 0 0 0 4 9 6 1 3 5 5 $ *

2012000391762 8:00 am 07/11/12
117 404 A32  2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

**Prepared by and When
Recorded, Mail to:**

Attn: John P. Gagnon 🄎
Attorney Code: At-LLNAZ
OneWest Bank, FSB
2900 Esperanza Crossing, DM-01-08
Austin, TX 78758
(512) 506-6931

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

---

**OneWest Bank #: 3002285769**
**MIN #: 100183300000337098**

**PIN #: 146-154-07**
**MERS Phone: 1.888.679.6377**

## California Assignment of Deed of Trust

For value received, the undersigned, whose address is 1901 East Voorhees Street, Suite C, Danville, IL 61834, hereby grants, assigns and transfers to **Wells Fargo Bank, NA as trustee of the Lehman Mortgage Trust 2007-1 Trust Fund**, herein called "Assignee", whose address is **3476 Stateview Boulevard, Fort Mill, SC 29715**, all beneficial interest under that certain Deed of Trust dated **September 12, 2006**, executed by **Billy Maddox and Christine M Maddox, husband and wife, as joint tenants**, to beneficiary noted on Deed of Trust, Mortgage Electronic Registration Systems, Inc., (MERS) solely as nominee for **Stearns Lending, Inc., a California Corporation**, in the amount of **$417,000.00**, and recorded on **September 20, 2006**, in/under Book, Volume, or Liber _____, Page(s) _____, Instrument Number **2006000627265**, of Official Records in the County Recorder's Office of **Orange** County, California, having a property address of **16401 Birdie Lane, Huntington Beach, CA 92649**, as described per said Deed of Trust of Record, together with the Note therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust, this Assignment dated **July 05, 2012**.

Mortgage Electronic Registration Systems, Inc.,
(MERS) solely as nominee for Stearns Lending, Inc.,
a California Corporation

**Lisa C. Payne**
**Assistant Secretary**

Page 1 of 2
FC – CA – REV 01/12 – V1

OneWest Bank #: 3002285769

STATE OF TEXAS     §
COUNTY OF TRAVIS    §

On July 05, 2012, before me, _____ Michelle M. Wilhelm _____, Notary Public, the undersigned, personally appeared, Lisa C. Payne, Assistant Secretary, who is personally known to me to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument, the individual, or the entity upon behalf of which the individual acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Texas that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Michelle M. Wilhelm     , Notary Public

My Commission Expires:    05/30/15

MICHELLE M. WILHELM
Notary Public, State of Texas
My Commission Expires
May 30, 2015

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)<br><br>BILLY & CHRISTINE M. MADDOX | **DEFENDANTS**<br>WELLS FARGO BANK N.A.; AZTEC FORECLOSURE CORPORATION;<br>ONEWEST BANKFSB; LISA C. PAYNE an Individual; MICHELLE M.<br>WILHELM an Individual; and DOES 1 THROUGH 10 INCLUSIVE |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>BILLY & CHRISTINE M. MADDOX    In Pro Per<br>16401 BIRDIE LANE        Cell: (714) 717-3040<br>HUNTINGTON BEACH, CA  92649    Email: billydacue@gmail.com | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No        ☑ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C §1692-1692p, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

SACV12·02039 (AN)

**FOR OFFICE USE ONLY:**   Case Number:_____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐　Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County , California | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐　Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of South Dakota |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County , California | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _~~(signature)~~_　　Date　_11/21/12_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
Billy & Christine M. Maddox, In Pro-Per
16401 Birdie Lane
Huntington Beach, CA 92649
Cell: (714) 717-3040

**FOR OFFICE USE ONLY**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BILLY & CHRISTINE M. MADDOX, as

PLAINTIFF(S)

v.

WELLS FARGO BANK N.A.;
"See Attached"

DEFENDANT(S).

CASE NUMBER

**SACV 12·02039 (AN)**

**SUMMONS**

TO:   DEFENDANT(S):

**FOR OFFICE USE ONLY**

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Billy & Christine M. Maddox, in ProPer_ , whose address is _16401 Birdie Lane, Huntington Beach, CA  92649_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **NOV 21 2012**

By: ____ROLLS ROYCE PASCHAL__

Deputy Clerk

*(Seal of the Court)*

1146

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**FOR OFFICE USE ONLY**

CV-01A (10/11)                               SUMMONS

Attachment to Summons

AZTEC FORECLOSURE CORPORATION; ONEWEST BANK FSB;
LISA C. PAYNE an Individual; MICHELLE M. WILHELM an Individual;
and DOES 1THROUGH 10 INCLUSIVE,

FOR OFFICE USE ONLY

FOR OFFICE USE ONLY

FOR OFFICE USE ONLY